In the Matter of **HAFFNER'S 5¢ TO $1.00 STORES, INC.**, Debtor.

**Bankruptcy No. 81–10031.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

March 27, 1984.

H. Charles Winans, Garrett, Ind., James P. McCanna, Auburn, Ind., Richard E. Fox, Grant F. Shipley, Fort Wayne, Ind., for Peoples Trust Bank and trustee.

Jeffrey Turner, Auburn, Ind., for Farmers & Merchants State Bank of Archibold, Ohio and Bank of Geneva.

Kirk D. Carpenter, Auburn, Ind., for Hamilton Bank, and Bank of Whitley Co.

Warren Sunday, Auburn, Ind., for Community State Bank of Avilla, Ind.

Scott Niemann, Fort Wayne, Ind., for Indiana Bank & Trust Company of Fort Wayne.

Norman E. Cook, Paulding, Ohio, for Union State Bank of Payne, Ohio.

Dennis Tushla, Cassopolis, Mich., for Pacesetter National Bank.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

An involuntary bankruptcy petition was filed against the debtor corporation, Haffner's 5¢ to $1.00 Stores, Inc., on January 19, 1981. On April 14, 1981, the debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On February 10, 1983, the debtor filed an amended plan of liquidation and disbursement which was thereafter confirmed.

On March 17, 1983, unsecured creditor Peoples Trust Bank (Peoples Trust) filed an application for the disallowance or reclassification of the claims of several banks as unsecured creditors.[1] A hearing was held on September 1, 1983, at which time the trustee herein joined in Peoples Trust's application. Upon receipt of the parties' briefs, the matter was taken under advisement on January 27, 1984.

The debtor, Haffner's 5¢ to $1.00 Stores, Inc., was a family-owned corporation which operated variety stores in several states. The debtor's president was D.L. Haffner.[2] From approximately 1976 until 1980, D.L. Haffner, in conjunction with his wife, Lydia Haffner, and/or his son, Daniel Haffner, borrowed money from the banks whose claims are at issue in this proceeding. These loans were secured by promissory notes signed by members of the Haffner family in their individual capacity. There was no indication on the promissory notes that the Haffner's were signing in a repre-

---

**1.** Peoples Trust Bank is an unsecured creditor under Class IV whose distributive share will be reduced if the banks' claims are allowed.

**2.** D.L. Haffner was also known as Delma Haffner and Delmar Haffner.

sentative capacity for the debtor corporation. However, it seems clear that the proceeds from these loans were used to benefit the debtor corporation and not the Haffner's individually.

Peoples Trust contends that the banks' claims must be disallowed because the loans are solely debts of the individual members of the Haffner family and are not debts of the debtor corporation. The banks contend that the loans are in substance a debt of the debtor corporation and that they should be allowed to share in the distribution pursuant to the amended plan along with the other unsecured creditors in Class IV.

The present situation is substantially similar to that involved in *In re John Koke Co.*, 38 F.2d 232 (9th Cir.1930). In that case Mr. Koke, the debtor corporation's principal shareholder, borrowed money and executed an individual promissory note. The money was borrowed for the use and benefit of the debtor corporation to enable it to pay off its indebtedness and discount its bills. The money was in fact so used. The purpose for which the money was to be used was made known to the lender when the loan was made. When the lender later sought to assert a claim based upon the loan in the debtor corporation's bankruptcy proceeding, the trustee therein objected. The Ninth Circuit, in disallowing the claim, stated that,

> ... it is not claimed that there was fraud, concealment, or even ignorance of any material fact in the original transaction. On the contrary, the lender, with full knowledge of all the facts, and presumably with full knowledge of the legal consequences of his act, elected to take the promissory note of the individual, secured by collateral, and there is no reason that we can conceive of why he, and those claiming under him, should not now be bound by the election thus made, in view of the possible intervening rights of other creditors. *Lynch v. McDonald,*

155 Cal. 704, 102 P. 918; *Lawton v. Dargan* (C.C.A.) 238 F. 303.

38 F.2d at 233.

The decision in *Koke* was cited with approval by the court in *Potts v. First City Bank,* 7 Cal.App.3d 341, 86 Cal.Rptr. 552, 7 UCCRS 1012 (1970). *In Potts,* the Flints, as individuals, secured a loan from a bank and used the proceeds in their business, Gourmandises, Inc. The corporation filed for bankruptcy after the bank set off funds in its corporate account. At issue was the bank's right to set off the debtor corporation's funds against the individuals' obligations. To resolve this issue, the court had to determine whether or not the circumstances surrounding the loan transaction rendered the corporation liable to the bank on the loan.

The court in *Potts* first noted that the corporation could not be liable to the bank on the basis of the promissory notes executed by the individuals. Subdivision (1) of section 3–401 of the Uniform Commercial Code (UCC) provides that, "No person is liable on an instrument unless his signature appears thereon." [3]

However, Section 3–401 does not prevent the payee of a note from collecting from an entity which did not sign the note in a proceeding based upon the obligation underlying the note. *Potts,* 7 Cal.App.3d 341, 86 Cal.Rptr. 552, 7 UCCRS at 1014. The Official Comment to Section 3–401 [4] states that,

> "Nothing in this section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign may still be liable on the original obligation for which the instrument was given."

The court in *Potts* found that the facts surrounding the transaction made it clear that the individuals and the bank had agreed that the individuals, and not the corporation, would be parties to the loan. The court found that since the bank had not intended to treat the corporation as a

---

**3.** Adopted in Indiana as Ind.Code § 26–1–3–401(1).

**4.** This statement does not appear in the Indiana Comment to Ind.Code § 26–1–3–401.

party to the loan, and had looked only to the individuals and their personal credit, it could not look to the corporation for the satisfaction of the loan.

This court has carefully examined the exhibits submitted into evidence, and has reviewed the testimony given at the hearing. Based upon this evidence, the court finds that the parties to the loan transactions in question, namely, the banks and the individual Haffner's, did not intend to treat the corporation as a party to the loans, and looked only to the individuals and their personal credit in extending the loans. In light of this finding and in accordance with the cases previously cited, the court holds that the loans in question are solely debts of the individual members of the Haffner family and are not debts of the debtor corporation.[5]

The application of Peoples Trust Bank for disallowance or reclassification of claims is therefore GRANTED. The following claims in the debtor's bankruptcy proceeding are disallowed:

Claim No. 18 Farmers & Merchants State Bank of Archibold, Ohio

Claim No. 19 Bank of Geneva

Claim No. 23 Citizens National Bank of Whitley

Claim No. 24 Hamilton Bank

Claims Nos. 46 & 47 Community State Bank of Avilla, Indiana

Claim No. 56 Peoples Bank, Mt. Gilead, Ohio

Claim No. 72 Indiana Bank & Trust Company of Fort Wayne

Claim No. 73 Union State Bank of Payne, Ohio

Claim No. 78 Pacesetter National Bank, f/k/a First National Bank of Cassopolis

SO ORDERED.

---

**5.** The holding in this case is substantially in agreement with our previous holding in the case of *Matter of Stoller's, Inc.*, Case No. 82–10491 (Bkrtcy.N.D.Ind.1983). *See,* contra, *In re Eton Furniture Co.,* 286 F.2d 93, 1 UCCRS 255 (3d Cir.1961).